IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BYRON K. MOORE

　　　　Plaintiff,

V.

P.O Andrew Cuomo, and Manzo,
　　　　Defendants

CASE NO. 14C9313

Judge: Guzman

**FILED**

SEP 20 2017 PJ

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Answer to Discovery

1. Plaintiff, Byron K. Moore, now comes in response to Defendants claim that the were barred from being named before limitations ran out. Not true. Nov 30 2012 P.O. Cuomo was officer on duty on seen at the time of incedent. But, he knew that complaint was sought before Nov 30, 2014, statement can prove in court.

2. P.O Cuomo did fire his tazer striking plain twice. Documents sent to Judge will prove that at hearing. Defendants mistakingly stated that they were unaware that they had no knowlegde of suit until July 1, 2015. Defendants had to had known they were going to be named after complaint was filed against them after nameing Garry Mccarthy as Defendant. Superintendent. Plaintiff, Moore was not time barred, my complaint original complaint was filed well before limitations Nov 19, 2014,.

I was allowed by court to proceed on an amended complaint. As pro se litigant. Defendant contends that it is only plaintiff's knowledge that is relevant and thus additional discovery is unecessary, and the courts has already disagreed. Trial court should also disagree. And whether the date the defendants were added does relate back to the original complaint. Rule 15(c)(1)(c) allows plaintiff to name newly identified defendants when it is a amended complaint. The Supreme Court's decision applies in Krupski v. Costa Crociere S.p.A. 560 U.S 538 (2010) The focus of whether the Rule 15(c) Relation-back provision applies has shifted away from plaintiff to defendant's knowledge. Ryan, 2016, WL 6582570 at *2. A Krupski, 560 U.S. at 548. Plaintiff, Byron K. Moore ask that this court would see the attempt to denie that my complaint was before the limitation was well before limitations is just another delay for not going foward. Defendants should be named before, and were named before limitation.

Signed; Byron K. Moore

Date: 9-7-17

41. Once in Chicago Police custody, Plaintiff was transported to a hospital and received medical care at Mercy Hospital. Exhibit B at 61: 8-18.

**Response:** Plaintiff was taken to hospital and treated for tazer shot in my back 4 prongs (Disposition).[20]

**Reply:** Plaintiff has failed to provide a specific citation for his objection. As such, this statement should be deemed admitted. *Malec*, 191 F.R.D. at 584.

42. Plaintiff is currently facing 18 felony criminal charges arising from his conduct inside of the spa. *Criminal Indictment of Byron Moore* (attached as Exhibit "I").

**Response:** Plaintiff is facing 16 counts of attempted robbery and assault and kidnapping.[21]

**Reply:** Plaintiff's objection misstates the factual record as the indictment has 18 counts.

43. On November 19, 2014, Plaintiff filed his original complaint, which named only the Chicago Police Dept. SWAT team unit. *Docket No. 1*.

**Response:** On November 19, 2014, Plaintiff did file complaint, original naming only Chicago Swat team members. Doc. No. 1.

**Reply:** This matter is admitted so no reply is necessary.

44. On February 18, 2015, Plaintiff filed his First Amended Complaint, which named Chicago Police SWAT, "John Doe," and former Superintendent McCarthy. *Docket No. 8*.

**Response:** 5-18-15 Plaintiff filed amended complaint.[22]

---

[20] This is Plaintiff's objection number 39. As the substance addresses Statement Number 41 and the Court must grant leeway to *pro se* parties, Defendants have replied notwithstanding the inaccurate number

[21] This was Plaintiff's objection number 40. As the substance addresses Statement Number 42 and the Court must grant leeway to *pro se* parties, Defendants have replied notwithstanding the inaccurate number.

[22] This is Plaintiff's objection number 42, which substantively addressed the amended complaint. As the Court must grant *pro se* parties latitude, Defendants have placed it with the proper Statement.

15

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2014 | 1 | RECEIVED Complaint and no copies by Byron K. Moore (ks, ) Modified on 11/21/2014 (ks, ). (Entered: 11/21/2014) |
| 11/19/2014 | 2 | CIVIL Cover Sheet (ks, ) (Entered: 11/21/2014) |
| 11/19/2014 | 3 | APPLICATION by Plaintiff Byron K. Moore for leave to proceed in forma pauperis (EXHIBITS) (ks, ) (Entered: 11/21/2014) |
| 11/19/2014 | 4 | MOTION by Plaintiff Byron K. Moore for attorney representation (ks, ) (Entered: 11/21/2014) |
| 01/06/2015 | 5 | ORDER: Plaintiff's motion for leave to proceed in forma pauperis 3 is granted. He is assessed on initial partial filing fee of $2.55. The trust fund accounts office at Plaintiff's place of confinement is authorized to make deductions in accordance with this order. The complaint is dismissed without prejudice. Plaintiff is given 30 days to submit an amended complaint that names a suable party as Defendant. Palintiff's failure to comply will result in summary dismissal of this case. Plaintiff's motion for attorney representation 4 is denied without prejudice. Signed by the Honorable Ronald A. Guzman. (gcy, ) (Entered: 01/07/2015) |
| 01/07/2015 | | MAILED Certified copy of Order dated 1/6/15 to Supv. of Inmate Trust Fund Account, Cook County Jail. (gcy, ) (Entered: 01/07/2015) |
| 02/05/2015 | 6 | RECEIVED Amended Complaint by Byron K. Moore. (jh, ) (Entered: 02/10/2015) |
| 02/18/2015 | 7 | ORDER: Plaintiff's amended complaint may proceed and the Clerk shall issue summons for service of the amended complaint on Chicago Police Superintendent Garry McCarthy. The Clerk shall also send Plaintiff a blank USM-285 (Marshal service) form. Plaintiff is advised that a completed USM-285 form is required for each named Defendant. Although the Marshal does not attempt service until receipt of a completed service form, if the Marshal is able to serve McCarthy with the amended complaint without a service form from Plaintiff, the Marshal should do so. Plaintiff is still required to complete and return the service form to this Court within 28 days of the date of this order. Signed by the Honorable Ronald A. Guzman on 2/18/2015. (jh, ) (Entered: 02/19/2015) |
| 02/18/2015 | 8 | AMENDED Complaint by Byron K. Moore against All Defendants. (jh, ) (Entered: 02/19/2015) |
| 02/19/2015 | | SUMMONS Issued as to Defendant Garry McCarthy with a copy of the Amended Complaint, certified copy of Order dated 2/18/2015 by the U.S. Marshals Service via email. (jh, ) (Entered: 02/19/2015) |
| 02/19/2015 | | MAILED blank USM-285 Forms and Order dated 2/18/2015 to the Plaintiff. (jh, ) (Entered: 02/19/2015) |

Byron K. Moore
K65649  3B-61
I.D.O.C., P.O Box 999
Illinois River C.C
Canton, Illinois 61520

Privilage Mail - Legal

IDOC INMATE MAIL



TO: Prisoner Correspondence
Clerks Office
U.S District Court
219 South Dearborn Street
Chicago Illinois 60604



09/20/2017-13

PRIVILAGED MAIL

